IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| NINE POINT ENERGY HOLDINGS, INC., *et al.*, | : | Bankruptcy Case No. 21-10570 (MFW) |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| | : | |
| AB PRIVATE CREDIT INVESTORS, INC. | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1057-RGA |
| | : | Bankr. BAP No. 21-53 |
| NINE POINT ENERGY HOLDINGS, INC., | : | |
| | : | |
| Appellee. | : | |
| _____ | : | |
| | : | |
| NINE POINT ENERGY, LLC, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C.A. No. 21-1058-RGA |
| | : | Bankr. BAP No. 21-54 |
| CALIBER NORTH DAKOTA, LLC, *et al.*, | : | |
| | : | |
| Appellees. | : | |
| _____ | : | |

## **RECOMMENDATION**

At Wilmington this **27th** day of **August, 2021**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information

from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

These appeals arise out of the chapter 11 cases filed by the Debtors on March 15, 2021 in the Bankruptcy Court.  On July 7, 2021, The Honorable Mary F. Walrath issued a Memorandum Opinion and an Order on July 19, 2021, which held that the Caliber entities held a valid, perfected and priority liens against certain assets of the Debtors' estates in the amount of approximately $7.1 million.  The appeals by the Debtors were filed on July 21, 2021 (21-1057) and July 22, 2021 (21-1058).

The parties engaged in mediation in June which was unsuccessful in resolving the issues on these Appeals.  The parties' position is that further mediation would result in unnecessary costs and delays and would not be productive.  They request these matters be removed from mandatory mediation.

The parties request that the following briefing scheduled be entered:

| | |
|---|---|
| Appellants' Opening Brief | No later that 30 days after entry of this Court's accepting this judge's Recommendation to remove from mandatory mediation. |
| Appellees' Answering Brief | No later than 30 days after the filing of the Opening Brief |
| Appellants' Reply Brief | No later than 14 days after the filing of the Answering Brief |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. No objections are anticipated to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 since it is consistent with the parties' request.

        Local counsel are obligated to inform out-of-state counsel of this Order.

        /s/ Mary Pat Thynge
        Chief U.S. Magistrate Judge Mary Pat Thynge